UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY THOMAS,<br><br>             Plaintiff,<br><br>      v.<br><br>CARE PLUS OF NEW JERSEY,<br><br>             Defendants. | Civ. No. 11-3493<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

<u>**WILLIAM J. MARTINI, U.S.D.J.**</u>:

This matter comes before the Court upon Plaintiff Jay Thomas's submission of a civil complaint and an application to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)**.** Based on Thomas's affidavit of indigence, the Court will grant his application. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has reviewed the Complaint and Amended Complaint to identify cognizable claims. For the reasons stated below, the Court will dismiss Thomas's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Thomas sues Care Plus of New Jersey ("Care Plus"), a non-profit organization that provides a variety of aid to individuals with mental health issues, for retaliation under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, and breach of contract. Thomas alleges that he is a "client or consumer" of Care Plus. He alleges that in May 2007, Care Plus awarded him a $2,000 scholarship to support his education in the 2007-2008 school year. He claims that Care Plus refused to pay for unspecified books in September 2007, and that in May 2008, Care Plus refused to pay for unspecified tuition. He previously sued Care Plus for breach of contract in New Jersey state court on June 3, 2008, and the parties then settled the matter on June 17, 2008.  He alleges that on July 14, 2008, a treating physician at Care Plus recommended he undergo additional treatment. An unauthenticated document attached to his complaint entitled "Request for Additional Care Plus Services" appears to show a request by a clinical staff member that Thomas receive "individual counseling" to help him deal with "chronic paranoid schizophrenia." This document appears to be signed by Thomas and his guardian or caretaker. Thomas argues that this request for additional treatment was in response to his breach of contract action

and constitutes retaliation under Title VI.

Thomas also alleges that he received unspecified services from "Integrated Case Management Services" which he claims is "an affiliated service of Care Plus." He claims that in early May 2009, he again sued Care Plus, this time for violation of consumer fraud laws. He alleges that on June 9, 2009, Integrated Case Management Services terminated whatever services they provided to him in violation of its own terms of service agreement. He claims that this termination was a response to his consumer fraud suit against Care Plus and constituted a breach of contract.

## II.   STANDARD FOR *SUA SPONTE* DISMISSAL

Under 28 U.S.C. § 1915(e), the Court is required to review a complaint in a civil action where the litigant is proceeding *in forma pauperis*. Specifically, the Court shall *sua sponte* dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court is guided by the pleading standard set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) in determining whether to dismiss the complaint *sua sponte* for failing to state a claim upon which relief may be granted. *See, e.g.*, *Gorbaty v. Portfolio Recovery Assocs, LLC*, 2009 WL 2222294, at *1 (D.N.J. July 21, 2009).

Under *Twombly*, dismissal is appropriate where the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). While the Court is mindful that a *pro se* pleading must be construed liberally in favor of the plaintiff, *see Erickson v. Pardis,* 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), the factual allegations must still be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

In order to state a claim for retaliation under Title VI, a plaintiff must allege that: (1) he engaged in protected activity; (2) the funding recipient subjected them to an adverse action after or contemporaneously with the protected activity; and (3) a causal link exists between the protected activity and the adverse action. *See, e.g.*, *Cabrea-Diaz v.*

*Penn Kidder Campus Jim Thorpe School Dist.*, 2010 WL 5818289, at *10 (M.D. Pa. Aug. 9, 2010). Even when construed liberally, Thomas's complaint fails to meet this standard. First, Thomas fails to allege that he engaged in a protected activity - it is unclear why his suing Care Plus based on violations of state law that appear unrelated to his disabilities or any discrimination would constitute a protected activity within the meaning of the statute. *See id.* (discussing protected activity). Second, he fails to allege that Care Plus received any federal funding such that it would be subject to Title VI's restrictions. *Evans v. Philadelphia Newspapers, Inc.*, 1989 WL 49524, at *2 (E.D. Pa. 1989). And third, Thomas has failed to allege an adequate causal connection, because he alleges no facts to show Care Plus acted with any retaliatory intent.

Thomas's second cause of action fares no better. He alleges that Care Plus breached its contract with Thomas when Integrated Case Management Services terminated the service relationship. In addition to failing to allege a link between Care Plus and Integrated Case Management Services that could explain how Care Plus could be liable for the termination, he fails to allege that a valid contract existed between the parties, or that he was in compliance with his obligations under the contract. *See, e.g.*, *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002) (discussing the elements of cause of action for breach of contract under New Jersey law). And the relief he seeks - $75,000 in compensatory damages, punitive damages, and damages for "humiliation" and pain and mental suffering - are far beyond what would be available to him in any breach of contract action based on the allegations of his complaint. *See, e.g., Kurnik v. Cooper Health System*, 2008 WL 2829963, at *15 (N.J. Super. A.D. July 24, 2008) (holding punitive damages not available in action for breach of contract); *Menorah Chapels at Milburn v. Needle*, 899 A.2d 316, 324-325 (N.J. Super. A.D. June 8, 2006) (discussing narrow factual instances where damages for emotional and mental suffering are available in breach of contract actions).

## IV.   CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court will also dismiss Thomas's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  An appropriate order follows.

　　　　　　　　　　　　　　　　　　　　 /s/ William J. Martini
　　　　　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 27, 2011**