UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAY THOMAS,**<br><br>Plaintiff,<br><br>v.<br><br>**CARE PLUS OF NEW JERSEY, INC.,**<br><br>Defendant. | 11-CV-3493<br><br>**OPINION** |

This matter comes before the Court on Plaintiff Jay Thomas's motion for default judgment, pursuant to Federal Rule of Civil Procedure 55, and Defendant Care Plus of New Jersey, Inc.'s ("Care Plus") motion to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons discussed below, the Court will deny the motion for default. The Court will also grant the motion and dismiss the action in its entirety with prejudice.

## I.     Factual and Procedural Background[1]

Mr. Thomas has been a client of Care Plus since 1998. Care Plus is a non-profit organization that provides mental health and substance abuse services in Northern New Jersey. On or around May 14, 2007, a subsidiary of Care Plus, Care Plus Foundation, Inc. (the "Foundation"), awarded Mr. Thomas a $2,000 scholarship to support his education in the 2007-2008 school year. On June 4, 2008, Mr. Thomas sued the Foundation in the Small Claims Section of the New Jersey Superior Court alleging the Foundation breached a contract between the parties by refusing to pay tuition for a course at Bergen Community College (the "June 2008 Action"). The parties settled that dispute on June 17, 2008, with the Foundation agreeing to pay Mr. Thomas's tuition for one course and the cost of one course book for the 2008-2009 school year.

On July 14, 2008, Mr. Thomas's treating psychiatrist under Care Plus's

---

[1] The Court draws these facts from the allegations of the complaint, exhibits attached thereto the authenticity of which Care Plus has not challenged, and records of other court proceedings, of which it may take judicial notice. *See Furnari v. Warden, Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 255 (3d Cir. 2000); *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995).

1

Outpatient Medical Monitoring Program, Dr. Young Lee, recommended that Mr. Thomas undergo additional treatment. Based on a document attached to the Complaint, Dr. Lee appears to have specifically requested Mr. Thomas undergo "[i]ndividual counseling" because he has "chronic paranoid schizophrenia." Mr. Thomas appears to have signed the bottom of the document, just below a line that states "[t]his referral has been discussed with me, and I am in agreement with the request." Mr. Thomas also alleges that in September 2008, the Foundation failed to satisfy its obligations under the settlement agreement resolving the June 2008 Action.

On May 1, 2009, Mr. Thomas filed a complaint against the Foundation in the New Jersey Superior Court, Law Division, Special Civil Part, alleging that the Foundation violated the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*, when it refused to reimburse him for the costs of books he purchased for his education (the "May 2009 Action"). On July 14, 2009, the court dismissed the case without prejudice after determining that Mr. Thomas lacked any evidentiary support for his claims. On August 4, 2009, Mr. Thomas filed a similar action in the same court also naming the Foundation as the defendant (the "August 2009 Action"). Again, the court dismissed the action on January 23, 2010, holding that Mr. Thomas had failed to meet his burden of proof and further holding that his second lawsuit ran afoul of the entire controversy doctrine. He thereafter filed what he deemed a "motion for reconsideration" with the Appellate Division of the Superior Court. On January 10, 2011, the Appellate Division denied his motion.

On June 16, 2011, Mr. Thomas brought the first iteration of the present federal suit against Care Plus. Mr. Thomas alleged that Care Plus retaliated against him for filing the June 2008 action by having Dr. Lee refer him for additional medical treatment and by failing to meet its obligations under the settlement agreement, in violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d. Mr. Thomas also alleged a claim for breach of contract against Care Plus, presumably based on the same conduct.

On July 27, 2011, this Court dismissed his action in its entirety pursuant to 28 U.S.C. § 1915(e) for failure to state a claim because his factual allegations were insufficient. ECF Nos. 2, 3. On September 8, 2011, Mr. Thomas filed an amended complaint, in which he adjusted the factual allegations of his original complaint, and added a claim for retaliation under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"). He also removed his claim for breach of contract, and added a claim for breach of fiduciary duty based on Dr. Lee's referral, which he alleges resulted in mental anguish, pain and suffering, embarrassment, and aggravation of pre-existing conditions. It appears he has failed

to properly serve the amended complaint on Care Plus.[2] On October 6, 2011, Mr. Thomas filed the amended complaint a second time, again apparently failing to serve Care Plus. On October 28, 2011, Mr. Thomas moved for default judgment against Care Plus pursuant to Federal Rule of Civil Procedure 55(b)(1); the Clerk of the Court took no action on that application. On November 1, 2011, Care Plus waived service and moved to dismiss the amended complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In addition to addressing the sufficiency of the factual allegations, Care Plus raises new arguments that the Court did not consider in its previous *sua sponte* decision under Section 1915(e). On November 5, 2011, Care Plus also filed an opposition to the motion for default.

## II. Legal Analysis

### A. Motion for Default

Prior to obtaining a default judgment under Rule 55(b), the party seeking default must first obtain an entry of default from the Clerk of the Court, as provided for under Rule 55(a). *See, e.g.*, *Husain v. Casino Control Com'n*, 265 F. App'x 130, 133 (3d Cir. 2008) ("[E]ntry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)."); *see also International Union of Painters and Allied Trades Dist. Council 711 Health and Welfare, Vacation and Finishing Trades Institute Funds v. Village Glass, Inc.*, No. 11-1023, 2012 WL 209076, at *1 (D.N.J. Jan. 24, 2012) (denying motion for default judgment where party failed to first obtain entry of default). The Clerk of the Court has not yet entered default against Care Plus. Accordingly, the Court will not enter default judgment and will deny Mr. Thomas's motion.

### B. Motion to Dismiss Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

---

[2] Service of complaints must still be made in hard copy, pursuant to Federal Rule of Civil Procedure 5, regardless of whether the complaints are also filed electronically. L. Civ. R. 5.2.14(a),

3

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

      C. Preclusion

Care Plus argues that all of Mr. Thomas's claims in the amended complaint arose from the same series of transactions between the parties and should have been part of the prior May 2009 Action. Thus, all of Mr. Thomas's claims are barred by New Jersey preclusion rules, specifically, the entire controversy doctrine.

When deciding the preclusive effect of a state court judgment, federal courts apply the rendering state's law on preclusion. *See Marrese v. Am. Acad. Of Orthopaedic Surgeons*, 470 U.S. 373, 380-81 (1985). "The entire controversy doctrine embodies the notion that 'the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.'" *Jackson v. Midland Funding LLC*, No. 11-2176, 2012 WL 505919, at *2 (3d Cir. Feb. 16, 2012) (quoting *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995)). The doctrine "is essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). The doctrine looks at the "factual circumstances giving rise to the controversy itself, rather than a commonality of claims, issues or parties" to determine whether the claims must be joined in one suit "to create a cohesive and complete litigation." *Prevratil v. George Mohr, et al.*, 678 A.2d 243, 248 (N.J. 1996). The purpose of the doctrine is to promote fairness and efficiency by avoiding piecemeal decisions and litigation. *Ditrolio*, 662 A.2d at 502. If, after final judgment is entered, the parties will likely have to engage in additional litigation to conclusively dispose of their respective bundles of rights and liabilities that derive from a single transaction or related series of transactions, the omitted components of the dispute or controversy must be regarded as constituting an element of one mandatory unit of litigation. *Id.* at 502. Any claim that was not brought as part of the initial litigation may not be brought at a later time. *Id.* at 508. And the doctrine may preclude later filings even if the original lawsuit was dismissed without prejudice. *Nubenco Enter., Inc. v. Inversiones Barberena, S.A.*, 963 F. Supp. 353, 369 (D.N.J. 1997) (citing cases). After determining that a claim should have been brought as part of prior litigation, the Court must finally assess whether to apply the doctrine as a matter of judicial fairness; if it would be unfair to apply the doctrine, then a court should not do so. *See Sklodowsky v. Lushis*, 11 A.3d 420, 425 (N.J. Super. A.D. 2011).

Although both the May 2009 Action and the August 2009 Action raise

4

claims that are legally different than the present suit, that is no bar to application of the entire controversy doctrine. *See Prevratil*, 678 A.2d at 248. Nor is it a bar to application that neither action named Care Plus as a defendant. *Id.* All of Mr. Thomas's claims from the present action, the May 2009 Action, and the August 2009 Action involve a series of transactions between him and Care Plus, or its subsidiary, the Foundation, arising from the client-provider relationship and his award of scholarship funds. This is the exact kind of piecemeal litigation that the entire controversy doctrine was established to avoid; the resolution of prior lawsuits did not – and could not –fully resolve the potential liabilities of the respective parties because not all of the potential claims were involved.

And despite Mr. Thomas's *pro se* status, application of the entire controversy doctrine here is fair. Mr. Thomas has engaged in a campaign of litigation against Care Plus and other parties who have provided him with free services and funds in aid of his education.[3] His piecemeal approach to his litigation has required Care Plus and the Foundation, its subsidiary, to waste resources responding to multiple actions when one action could have sufficed.[4] Nor is this a situation where application of the entire controversy results in a kind of trap for the unwary. *Cf. In re Mullarkey*, 536 F.3d 215, 230 (3d Cir. 2008) (declining to apply entire controversy doctrine against *pro se* litigant where it was unclear whether *pro se* could have raised present claims in prior litigation). Mr. Thomas was aware of all of the conduct upon which he bases his current lawsuit prior to his commencement of the May 2009 Action. He does not argue that he was unable to adjudicate all of the claims in one suit for any reason, and the Court is not aware of anything that prevented him from doing so. And during its adjudication of the August 2009 Action, the Superior Court warned him that he ran afoul of the entire controversy doctrine, which should have put him on notice of it.

### D. Additional Reasons Mr. Thomas's Claims Fail

Even if the Court held that the entire controversy doctrine did not preclude Mr. Thomas's claims, the Court would have ample reason to dismiss the action.

First, each of Mr. Thomas's claims appears to be time-barred under the relevant statute of limitations. Claims under Title VI are governed by the same two-year statute of limitations applicable to claims brought under 42 U.S.C. § 1983. *See Yip v. Union County College*, No. 08-3207, 2009 WL 236949, at *2 (3d Cir. Feb. 3, 2009) (applying New Jersey law). Claims for retaliation are also

---

[3] In addition to the prior state court proceedings against Care Plus alluded to above, the Court takes judicial notice of several other federal court proceedings against education providers brought by Mr. Thomas. *See generally Mr. Thomas v. Nova Southeastern University, Inc.*, No. 11-2089, 2011 WL 3205298 (D.N.J. July 27, 2011); *Mr. Thomas v. Northeastern University*, No. 11-3905, 2011 WL 3205301 (D.N.J. July 27, 2011); *Mr. Thomas v. Ramapo College of New Jersey*, No. 11-3898, 2011 WL 3206448 (D.N.J. July 27, 2011).
[4] At least with respect to Mr. Thomas's claims arising from conduct occurring after the June 2008 Action.

subject to a two-year statute of limitations. *Henry v. N.J. Dep't of Human Servs.*, 204 N.J. 320, 333-34 (N.J. 2010). And Mr. Thomas's claim for breach of fiduciary duty is likely subject to a two-year statute of limitations period as well, because the alleged harm is not purely economic. *See, e.g.*, *Balliet v. Fennell*, 845 A.2d 168, 172 (N.J. Super. A.D. 2004) (holding two-year statute of limitations applied for breach of fiduciary duty claim against plaintiff's clergyman). All of the conduct allegedly giving rise to the present lawsuit occurred in 2008, but Mr. Thomas did not seek to file this action until June 2011, more than two years later.

Second, even with amendments, Mr. Thomas's factual allegations are insufficient to state a claim. For example, in response to the Court's finding that Mr. Thomas failed to allege facts sufficient to establish an adequate causal connection between his exercise of a protected activity and Care Plus's alleged retaliation, he added the following assertion to the amended complaint: "[t]here was a causal connection between plaintiffs [sic] protected activity and Defendants [sic] adverse reaction." Such recitations of legal standards fall short of the bar set by Federal Rule of Civil Procedure 8. *See Twombly*, 550 U.S. at 555.

### III. Conclusion

For the foregoing reasons, the will Court deny the motion for default judgment and grant the motion to dismiss. Because Mr. Thomas's claims are barred by the entire controversy doctrine, and would otherwise be barred by the relevant statutes of limitations, the Court will dismiss his action with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

      /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**